1   **BAKER LAW PC**
    G. Richard Baker (SBN 224003)
2   524 Union Street, # 213
    San Francisco, CA 94133
3   415.295.4814 (telephone)
    800.886.6556(facsimile)
4   richard@bakerlawpc.com

5   **MIANO LAW PC**
    Bert J. Miano (SBN 218934)
6   Post Office Box 59268
    Birmingham, AL 35259
7   205.714.7199 (telephone)
    205.714.7177(facsimile)
8   bmiano@mianolaw.com

9   *Attorneys for Plaintiffs*

10

11              **IN THE UNITED STATES DISTRICT COURT**
            **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
12                   **SAN FRANCISCO DIVISION**

13

14                                              CIVIL ACTION CASE NO: 12-01105-RS
    MARIA TORRES, GABRIEL ROJAS,
15  and IAN KERNER,
    individually and on behalf of all
16  others similarly situated,

17              Plaintiffs,

18        v.                                    **FIRST AMENDED**
                                                **CLASS ACTION COMPLAINT FOR**
19  JC PENNEY CORPORATION, INC.;                **VIOLATIONS OF CALIFORNIA BUSINESS**
    AND JC PENNEY COMPANY INC.,                 **AND PROFESSIONS CODE §§ 17200,** *ET*
20                                              *SEQ.,* **17500,** *ET SEQ.*
                                                _____
21              Defendants.

22                                              CLASS ACTION

23

24        Plaintiffs, by and through undersigned counsel, bring this action both on their own behalf and

25  on behalf of the class comprised of all other individuals similarly situated within the State of California,

26  pursuant to California's Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200-17209 *et seq.)*

27  ("UCL" or "17200"), and California's False Advertising Law (Cal. Bus. & Prof. Code §§ 17500, *et seq.*)

28  ("FAL" or "17500"), against JC Penney Corporation, Inc., and JC Penney Company, Inc. (collectively

BAKER LAW PC
524 Union Street, #213
San Francisco, CA 94133
MIANO LAW PC
Post Office Box 59268
Birmingham, Alabama 35259

1

Plaintiffs' First Amended Class Action Complaint
Case No.: 12-01105-RS

referred to as "JC Penney" or "Defendants"). Plaintiffs assert that the Defendants engaged in the unfair, unlawful, deceptive[1], and fraudulent practice of falsely advertising their jewelry. Specifically, Defendants failed to disclose the use of rhodium as a plating or finish; failed to properly identify the country of origin; failed to properly disclose the size of diamonds in its jewelry; misrepresented the number of diamonds in its jewelry; failed to disclose the use of hollow or rolled gold; and otherwise failed to comply with the Federal Trade Commission Guides For The Jewelry, Precious Metals, and Pewter Industries (16 CFR 23 (1996)) (hereinafter, the "FTC Guides"). Defendants have falsely advertised hundreds of items of jewelry using similarly deceptive practices over a period of multiple years. Collectively, the jewelry items at issue shall be referred to as "Class Items".

# I. INTRODUCTION

1.     This class action alleges that JC Penney engaged in a pattern and practice of deceiving consumers through false advertising about the true characteristics of the jewelry it sells via catalogs, in stores, and via the internet. This class action seeks remedies under Cal. Bus. & Prof. Code §§ 17200 and 17500 for JC Penney's false advertising regarding the sale of jewelry, whether it involves the use of undisclosed or less-desirable metals as plating or finishes over precious metals; the existence, thickness or quality of metal plating; the use of alternative, cheaper, less-desirable, or non-precious metals or metal alloys; the number, size or quality of diamonds or other stones; the geographic origin of the item or its contents; failure to comply with the FTC Guides for the Jewelry, Precious Metals, and Pewter Industries; or any other characteristic of jewelry about which Defendants have lied to make a sale.

2.     Plaintiffs seek damages and equitable relief, as permitted under Cal. Bus. & Prof. Code §§ 17200 and 17500, for themselves and all similarly deceived JC Penney jewelry customers in California who purchased jewelry which was falsely advertised, marketed, or promoted in any medium with regard to the characteristics of the jewelry as set forth herein.

---

[1] For the purposes of this complaint "deceptive" is defined to include the following terms from the Unfair Competition Law ("UCL"), California Business and Professions Code §§ 17200 *et seq.,* and the False Advertising Law ("FAL"), California Business and Professions Code §§ 17500 *et seq.:* deceptive, unfair, misleading, unlawful, fraudulent, and untrue.

BAKER LAW PC
524 Union Street, #213
San Francisco, CA 94133
MANO LAW PC
Post Office Box 59288
Birmingham, Alabama 35259

2

Plaintiffs' First Amended Class Action Complaint
Case No.: 12-01105-RS

## II. PARTIES

3.    Plaintiff Maria Torres is a resident citizen of Van Nuys, California.

4.    Plaintiff Gabriel Rojas, is a resident citizen of Corona, California.

5.    Plaintiff Ian Kerner is a resident citizen of West Hollywood, California.

6.    J.C. Penney Company, Inc., is a foreign corporation with its principal executive offices in Plano, Texas. J.C. Penney Company, Inc. is publicly traded under the symbol JCP.

7.    J.C. Penney Corporation, Inc. is a foreign corporation with its principal executive offices at 6501 Legacy Drive, Plano, Texas. It is a subsidiary of J.C. Penney Company, Inc.

8.    J.C. Penney Corporation, Inc. and J.C. Penney Company, Inc., will be collectively referred to in this Complaint as either "JC Penney" or "Defendants".

## III. JURISDICTION AND VENUE

9.    The claims made by the Plaintiffs on their own behalf and on behalf of members of the Class are brought pursuant to Cal. Bus. & Prof. Code §§ 17200 and 17500 for relief including injunctive relief and restitution well in excess of $5,000,000.00, exclusive of interest and costs. Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2).

10.   The Court has diversity jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(1) and 29 U.S.C. § 1367.

## IV. INTRADISTRICT ASSIGNMENT

11.   Venue is proper in the Northern District of California, San Francisco Division pursuant to Cal. Bus. & Prof. Code § 17203, which empowers any court of competent jurisdiction to enter orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition.

12.   Moreover, this Judicial District has jurisdiction over the Defendants, who at all relevant times were doing business in this Judicial District by placing their products into the stream of commerce. Defendants continue to do business in this Judicial District via advertising on the internet and retail stores. As such, a significant portion of the events and occurrences which form the basis of this lawsuit have occurred within this District.

BAKER LAW PC
524 Union Street, #213
San Francisco, CA 94133
MIANO LAW PC
Post Office Box 59288
Birmingham, Alabama 35259

3

Plaintiffs' First Amended Class Action Complaint
Case No.: 12-01105-RS

## V.  CLASS ACTION ALLEGATIONS

13.    This lawsuit is a class action brought pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiffs brings this class action on their own behalf and on behalf of the following Class comprised of

> **All persons in the State of California who purchased Class Items from JC Penney during the four (4) years preceding the filing of this original Complaint and up through the date of certification of this case as a class action**.

14.    Class Items are defined as:

a.    Jewelry containing undisclosed or less desirable metals (including but not limited to rhodium) as plating or finishes over advertised metals;

b.    Jewelry with inferior thickness or quality of metal plating, insufficient to withstand normal everyday use;

c.    Jewelry made with undisclosed, alternative, cheaper, less-desirable, or non-precious metals or metal alloys;

d.    Jewelry sold through advertisements which improperly disclose the number, size or quality of diamonds or other stones;

e.    Jewelry sold through advertisements containing inaccurate disclosures of geographic origin of jewelry or its contents;

f.    Jewelry sold without proper disclosure of the use of rolled or hollow tubing;

g.    Jewelry that fails to comply with the FTC Guides for the Jewelry, Precious Metals, and Pewter Industries.

15.    Excluded from the Class are employees and agents of Defendants, the Judge and his/her relatives back to the 2nd degree of affinity, officers and directors of any Defendant, and counsel for Plaintiffs and the Class.

16.    Plaintiffs aver that the class is so numerous that joinder of all members is impracticable and upon that information and belief, further aver that the total membership of the class is in excess of 10,000 consumers.

17.    There are many common questions of law and fact involving and affecting the parties to be

BAKER LAW PC
524 Union Street, #213
San Francisco, CA 94133
MANO LAW PC
Post Office Box 59288
Birmingham, Alabama 35259

represented. These common questions of law or fact predominate over any questions affecting only individual members of the Class. Common questions include, but are not limited to, the following:

a.     Whether Defendants misrepresent the composition, characteristics or other aspects of their "jewelry items";

b.     Whether Defendants mislabel their "jewelry items";

c.     Whether Defendants' misrepresentations are unfair, deceptive, untrue, or misleading advertising as defined under California Business and Professions Code § 17500 *et seq.*;

d.     Whether Defendants' mislabeling of their products constitutes unfair, deceptive, untrue, or misleading advertising as defined under California Business and Professions Code § 17500 *et seq.*;

e.     Whether Defendants' mislabeling of the products is unlawful, unfair or fraudulent under California Business and Professions Code § 17200, *et seq.*;

f.     Whether Defendants' misrepresentations are unlawful, unfair or fraudulent under California Business and Professions Code § 17200, *et seq.*;

g.     Whether Defendants' knew, or by the exercise of reasonable care should have known, that their misrepresentations and mislabeling of their products were untrue or would be misleading to a substantial number of reasonable California consumers;

h.     Whether Defendants knowingly and intentionally concealed from Plaintiffs and the class that their jewelry products were mislabeled and that the characteristics were misrepresented;

i.     Whether JC Penney has a duty to disclose the routine use of rhodium plating to its jewelry customers;

j.     Whether JC Penney's failure to disclose the use of rhodium to make its white or silver-colored jewelry brighter and shinier is unlawful, deceptive, unfair, or fraudulent;

k.     Whether JC Penney routinely misleads consumers about the actual metal content of its jewelry;

l.     Whether JC Penney's catalog and internet advertising complies with the FTC Guides;

BAKER LAW PC
524 Union Street, #213
San Francisco, CA 94133
MANO LAW PC
Post Office Box 59288
Birmingham, Alabama 35259

m.   Whether JC Penney's illustrations and written advertising copy mislead consumers about the size and quality of diamonds used in JC Penney's jewelry;

n.   Whether JC Penney's failure to make proper fractional disclosures according to the FTC Guides is unlawful, deceptive, unfair, or fraudulent;

o.   Whether JC Penney has a duty to insure that its jewelry advertising is truthful with regard to metal content, metal plating, diamond size, diamond quantity, and country of origin;

p.   Whether JC Penney misled consumers by failing to properly disclose the use of "hollow" or "rolled" gold tubing in some of its gold jewelry;

q.   Whether JC Penney knew or should have known that its failure to disclose rhodium plating is unlawful, deceptive, unfair, or fraudulent;

r.   Whether Defendants should be enjoined from engaging in the conduct complained of herein;

s.   Whether Defendants have been unjustly enriched through the wrongful conduct set forth herein; and

t.   Whether Defendants should be required to make restitution to the class.

18.   Plaintiffs' claims as representative of the class are typical of the claims of the class. Plaintiffs have no conflicts that would otherwise make them unfit class representatives, and have standing to pursue this action, as they have lost money or property as a result of the conduct complained of.

19.   Plaintiffs will fairly and adequately protect the interests of the class, and have retained counsel experienced in class and complex litigation to represent them.

20.   The prosecution of individual actions by Class members asserting separate claims would create the risk of: (1) inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants; and (2) adjudications with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

BAKER LAW PC
524 Union Street, #213
San Francisco, CA 94133
MIANO LAW PC
Post Office Box 59288
Birmingham, Alabama 35259

21.   Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive or corresponding declaratory relief with respect to the advertising or omissions in the advertising of Defendants' jewelry.

22.   Plaintiffs aver that the prerequisites for class action treatment apply to this action and that questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy which is the subject of this action. Plaintiffs further state that the interests of judicial economy will be served by concentrating litigation concerning these claims in the Northern District of California, San Francisco Division, and that the management of this class will not be difficult.

## VI.  GENERAL ALLEGATIONS COMMON TO ALL COUNTS

23.    Defendants  collectively manufactured, distributed, marketed and sold into the United States and the State of California jewelry that was misrepresented in advertising intending to reach consumers.

24.   In some cases, Defendants made material omissions as to the true characteristics of its jewelry, and in other cases they use deceptive language or illustrations to conceal the actual true characteristics or content of its jewelry from consumers.

25.   Defendants are aware that jewelry consumers have highly developed preferences for the specific characteristics of jewelry, and therefore they rely heavily on the written representations made in catalog, store, and internet advertising to determine whether an individual item of jewelry fits their personal preferences.

26.   Defendants take advantage of this reliance on advertising by hiding the truth about the characteristics of its jewelry – both explicitly by making false statements and implicitly by manipulating the images and appearance of specific items – to entice consumers into buying jewelry that appears to have the characteristics they are seeking even when it does not.

27.   Advertising on the JC Penney website and, until recently, in catalogs disseminated uniformly across the country, represents jewelry items as having certain characteristics relating to metal content, geographic origin, or diamonds, *e.g.*, when the jewelry does not in fact have those

BAKER LAW PC
524 Union Street, #213
San Francisco, CA 94133
MIANO LAW PC
Post Office Box 59288
Birmingham, Alabama 35259

characteristics. These false representations and deceptive practices are in violation of The Federal Trade Commission Act (15 U.S.C. §§ 41-58, as amended)("FTCA"), violate the standards set forth in the FTC Guides for the Jewelry, Precious Metals, and Pewter Industries (16 CFR 23), and constitute violations of Cal. Bus. & Prof. Code §§ 17200 and 17500.

28.    Among the characteristics of its jewelry that Defendants have misrepresented and continue to misrepresent in its advertising are those involving metal fineness; the use of undisclosed or less-desirable metals as plating over precious metals; the existence, thickness or quality of metal plating; the use of alternative, cheaper, less-desirable, or non-precious metals or metal alloys; the number, size or quality of diamonds or other stones; and the geographic origin of the item or its contents. These misrepresentations constitute misleading and deceptive advertising under Cal. Bus. & Prof. Code §§ 17200 and 17500.

29.    Defendants have also failed to comply with the FTC Guides for the Jewelry, Precious Metals, and Pewter Industries (16 C.F.R. 23), the Gold Stamp Act (15 U.S.C. §§ 291-300), and the FTC Act with regard to deceptive and misleading advertising. These violations constitute unlawful acts under Cal. Bus. & Prof. Code § 17200. Defendants are also have violated the unlawful prong of Cal. Bus. & Prof. Code § 17200 by virtue of violations of Cal. Bus. & Prof. Code § 17500, and of California Civil Code §1572 and California Civil Code §1709-10, as more fully alleged below.

30.    The FTC Guides for the Jewelry Industry state that:

> It is unfair or deceptive to misrepresent the type, kind, grade, quality, quantity, metallic content, size, weight, cut, color, character, treatment, substance, durability, serviceability, origin, price, value, preparation, production, manufacture, distribution, or any other material aspect of an industry product.

16 CFR 23.1.

31.    Further, the Guides provide that:

> To prevent deception, any qualifications or disclosures, such as those described in the guides, should be sufficiently clear and prominent. Clarity of language, relative type size and proximity to the claim being qualified, and an absence of contrary claims that could undercut effectiveness, will maximize the likelihood that the qualifications and disclosures are appropriately clear and prominent.

BAKER LAW PC
524 Union Street, #213
San Francisco, CA 94133
MIANO LAW PC
Post Office Box 59288
Birmingham, Alabama 35259

16 CFR 23.1, Note 2.

32.   These Guides provide a minimum standard for jewelry retailers who wish to avoid deceptive or unfair advertising directed to consumers.

## A.   Factual Allegations

33.   Plaintiff Torres and Plaintiff Rojas shopped for and selected a diamond engagement ring from a Riverside, California JC Penney store on or around November, 2011. Plaintiff Rojas purchased the ring (Item #437-3830), and gave the engagement ring to Plaintiff Torres as a gift.

34.   The ring was represented to be 14 karat white gold with a one (1) carat diamond solitaire. The purchase price was $1,070.98. See receipt attached as Exhibit A.

35.   Unknown to Plaintiffs, the ring was plated in a thin coat of rhodium, which quickly wore off to reveal a dull gold finish[2]. This material deception was not readily apparent to Torres and Rojas from looking at the ring, and was not disclosed to Torres and Rojas prior to the purchase.

36.   After the purchase, and after their engagement, Torres and Rojas learned that the ring was plated in rhodium.

37.   They would not have purchased the ring had they known its true composition, or would have been willing to pay less for the plated ring. Plaintiffs believe they have suffered a substantial injury as a result of JC Penney's misconduct.

38.   Plaintiff Kerner purchased a necklace (Item # FC058-2594), earrings (Item # FC058-8805) and bracelet (Item # FC058-0105) from Defendants' website in January 2012, intending to give the items as gifts. The items were advertised on the internet as sterling silver. A copy of the internet advertisements for each of the items is attached hereto as Exhibit B.

39.   It is believed and therefore alleged that some or all of these items Kerner purchased are not pure sterling silver, but are actually plated with rhodium, a fact not disclosed to Plaintiff Kerner.

40.   Kerner would not have purchased said items had he known the true composition of the items, or would have been willing to pay less for plated jewelry. He believes he has suffered a

---

[2]The use of a thin coating or plating of rhodium to impart a bright and shiny white appearance to less bright and shiny metals is sometimes referred to as a "rhodium wash" or "rhodium flash".

BAKER LAW PC
524 Union Street, #213
San Francisco, CA 94133
MIANO LAW PC
Post Office Box 59288
Birmingham, Alabama 35259

1    substantial injury as a result of JC Penney's misconduct.

2    41.   As part of their investigation into the allegations contained herein, Plaintiffs' counsel have

3          obtained and reviewed thousands of pages of JC Penney's catalog and internet advertising, along

4          with thousands of pages of JC Penney's internal manufacturing specification sheets which

5          reveal the actual characteristics of the jewelry JC Penney sells.

6    42.   An ongoing review of JC Penney's specification sheets and catalog and internet advertising

7          reveals that several hundred items of jewelry advertised in its catalogs and on the internet from

8          2008 through the present violate the FTC Guides by failing to properly qualify and explain

9          fractional disclosures regarding diamonds. See  16 CFR §23.17. A partial list of items known

10         to violate this regulation is attached hereto as Exhibit C; see also Exhibit E (examples of

11         advertisements containing diamond weights by fraction which do not contain the required FTC

12         disclosure on the same page and which are therefore, likely to mislead reasonable California

13         consumers).

14   43.   An ongoing review of Defendants' catalog and internet advertisements from 2008 through 2010

15         reveals few items of jewelry which are advertised as containing rhodium or being plated with

16         rhodium.

17   44.   Yet, a similar review of JC Penney's internal jewelry specification sheets from the same time

18         period reveals that hundreds of JC Penney's white gold, sterling silver, yellow gold, and

19         platinum jewelry pieces are ***routinely*** plated with rhodium, a fact which is not disclosed in its

20         catalog advertising or on the internet. See Exhibit F (examples of items of jewelry for which the

21         specification sheet reveals rhodium plating but the advertisements do not mention rhodium; i.e.,

22         e.g., compare specification sheet for Sub-Lot #s 283-3825, 271-3020 and 283-1198 with

23         advertisements for same items).

24   45.   A review of Defendants' catalog and internet advertisements from 2008 through 2010 reveals

25         that the retailer's jewelry advertising also violates the FTC's country of origin rules. See Exhibit

26         C; see also Ex. D.

27   46.   A review of Defendants' catalog and internet advertising for the period 2007 through the present

28         reveals that the retailer routinely fails to disclose the use of "hollow" or "rolled" gold in its

BAKER LAW PC
524 Union Street, #213
San Francisco, CA 94133
MIANO LAW PC
Post Office Box 59298
Birmingham, Alabama 35259

10

Plaintiffs' First Amended Class Action Complaint
Case No.: 12-01105-RS

1   jewelry advertising. See Exhibit C; see also Exhibit G.

2   **B.      Country of Origin**

3   47.   Defendants are aware that jewelry made in the U.S.A. is highly valued by consumers, who

4         believe the quality of the workmanship in the U.S.A. is superior, or who prefer items made in

5         the U.S.A. for patriotic reasons. Such consumers are willing to pay more for jewelry made in

6         the U.S.A. than jewelry made in China or other foreign countries, and some may not be willing

7         to purchase items made in China or other foreign countries at all.

8   48.   Plaintiffs allege that all or some of the jewelry advertised by Defendants as made in the USA

9         is actually made in China and other foreign countries. For example, the attached internet

10        advertisement reflects a bracelet advertised by JC Penney as "Made in the USA". See Exhibit

11        D.

12  49.   In fact, this bracelet was actually made in China, as reflected on the stamp on the bracelet. See

13        Exhibit E.

14  50.   According to the Federal Trade Commission ("FTC"), the claim "Made in USA" means that "all

15        or virtually all" of the product was, indeed, made in America. If the product is falsely

16        designated, it violates Section 5 of the FTCA (15 U.S.C. §45(a)), as well as violating the UCL

17        and FAL.

18  **C.      Undisclosed Rhodium Plating**

19  51.   Some of Defendants' jewelry is marketed and sold as 14 carat white gold, including the

20        engagement ring purchased by Plaintiffs Torres and Rojas. In fact, despite this explicit

21        representation, the engagement ring is plated with rhodium. This fact was not disclosed in any

22        advertising, and was only revealed to Plaintiffs Torres and Rojas after the purchase was made

23        and the plating had begun to wear off.

24  52.   The items of jewelry purchased by Plaintiff Kerner were purchased directly from the JC Penney

25        website, where the items were advertised as "Sterling Silver". However, those items are also

26        believed to be plated with a thin layer of rhodium. This fact was not disclosed in JC Penney's

27        internet advertising. This slick business practice constitutes violations of the UCL and FAL.

28  53.   Platinum is a highly valued metal among jewelry consumers, and consumers are willing to pay

Baker Law pc
524 Union Street, #213
San Francisco, CA 94133
Mano Law pc
Post Office Box 59288
Birmingham, Alabama 35259

more for platinum or platinum-plated jewelry than jewelry plated with other less desirable metals, such as rhodium.

54. Defendants are aware that the distinctive bright white shine of platinum can be simulated using rhodium or other less desirable metals, or that rhodium plating or finishes may be used over sterling silver to make it brighter and whiter, and used this knowledge to deceive customers looking for the bright white shine into buying jewelry made with or plated with rhodium or other less desirable metals, thereby violating the misleading and deceptive prongs of Cal. Bus. & Prof. Code § 17500.

55. Plaintiff Torres' engagement ring was advertised as "14K White Gold," yet the ring actually is plated with the less desirable metal, rhodium.

56. Plaintiffs allege that all or some of the jewelry advertised by Defendants as platinum or platinum-plated is either (1) not platinum at all, (2) is plated in another less desirable metal, such as rhodium, or (3) is not plated with a sufficient thickness and surface coverage as to insure reasonable durability, as required by the FTC Guides.

57. Among consumers, such as Plaintiffs, who prefer white or silver-colored jewelry, a bright white shine is much sought after. Neither sterling silver nor white gold provides as bright a shine as other less desirable metals, such as rhodium. Defendants use this knowledge to deceive customers looking for this bright white shine into buying jewelry advertised as sterling silver or white gold but actually made with or plated with rhodium or other less desirable metals. Defendants know or should know that the bright white shine resulting from its rhodium plating will wear off very quickly.

58. Gold is among the most sought after and highly-valued metals for jewelry-making. The various grades of yellow gold and white gold are prized by consumers. Many items advertised by Defendants as gold (both yellow gold and white gold), platinum and sterling silver contain undisclosed plating using less desirable metals such as rhodium. In fact, the use of rhodium as a plating or finish is routinely omitted from Defendants' advertising.

**D.    Improper Fractional Disclosures**

59. Defendants have failed to properly disclose the size of its diamonds in its catalogs and internet

Baker Law pc
524 Union Street, #213
San Francisco, CA 94133
Mano Law pc
Post Office Box 59288
Birmingham, Alabama 35259

1   advertising in accordance with the FTC Guides.

2   60.   The Guides set forth the following standard for jewelry retailers wishing to avoid deceptive

3   practices in describing the weight of a diamond:

4         (a) It is unfair or deceptive to misrepresent the weight of a diamond.
          (b) ...
5         (c) ...
          (d) If diamond weight is stated as fractional parts of a carat, a conspicuous
6         disclosure of the fact that the diamond weight is not exact should be made in
          close proximity to the fractional representation and a disclosure of a reasonable
7         range of weight for each fraction (or the weight tolerance being used) should
          also be made.
8                Note to paragraph (d):  When fractional representations of diamond
                 weight are made, as described in paragraph d of this section, in catalogs
9                or other printed materials, the disclosure of the fact that the actual
                 diamond weight is within a specified range should be made
10               conspicuously on every page where a fractional representation is made.
                 Such disclosure may refer to a chart or other detailed explanation of the
11               actual ranges used. For example, "Diamond weights are not exact; see
                 chart on p.X for ranges."
12
      16 CFR §23.17.
13
14  61.   As set forth above, a partial review of Defendants' catalog and internet advertising from 2008

15  through the present reveals that Defendants routinely violate this standard, failing to make a

16  "conspicuous disclosure of [...] a reasonable range of weight" in its catalog and internet

17  advertising "on every page where a fractional representation is made." See Exhibit C; see also

18  Exhibit F (samples of advertisements containing improper fractional disclosures).

19  62.   As but one example, the attached catalog page shows multiple fractional disclosures, and no

20  disclosure that the diamond weights shown reflect a range of weights. The absence of this

21  disclosure is deemed deceptive by the FTC.

22  63.    Again, a reasonable consumer would not be aware that the Defendants have misled them by

23  describing diamond weight as a fractional part of a carat, because this information is outside the

24  common knowledge of a jewelry consumer.

25  64.   Jewelry consumers are likely to assume that an advertisement that states the weight of a

26  diamond as 1/4 carat means the stone is .25 of a carat, rather than that the retailer has used some

27  secret, undisclosed weight range that makes the advertisement true only to the extent "close

28

BAKER LAW PC
524 Union Street, #213
San Francisco, CA 94133
MANO LAW PC
Post Office Box 59288
Birmingham, Alabama 35259

13

Plaintiffs' First Amended Class Action Complaint
Case No.: 12-01105-RS

enough" means truthful.[3]

65.     The FTC Guides provide a safe harbor for retailers who want to use a fractional estimate of diamond weights in their advertisements, but Defendants routinely ignore this guideline and decline to make use of this safe harbor by failing to place a "conspicuous disclosure of [...] a reasonable range of weight [...] on every page where a fractional representation is made."

**E.      Number of Diamonds**

66.     The Guides state that:

> It is unfair or deceptive to use, as part of any advertisement, packaging material, label, or other sales promotion matter, any visual representation, picture, televised or computer image, illustration, diagram, or other depiction which, either alone or in conjunction with any accompanying words or phrases, misrepresents the type, kind, grade, quality, quantity, metallic content, size, weight, cut, color, character, treatment, substance, durability, serviceability, origin, preparation, production, manufacture, distribution, or any other material aspect of an industry product.

16 CFR 23.2.

67.     Defendants use slick and deceptive techniques to mislead consumers about the number of diamonds in some of its jewelry in violation of this guideline, as well as California and Federal consumer protection statutes.

68.     For example, the attached advertisement describes the bracelet depicted as containing "diamond accents". However, this bracelet actually contains only one tiny diamond. The other places on the bracelet which appear to be diamonds are actually pieces of metal formed to reflect light in a way that is similar to diamonds.

69.     This sort of unfair and deceptive practice, in which Defendants use the combination of the plural phrase "diamond accents" and the fabrication of metal pieces to look like diamonds to deceive consumers into believing that the jewelry actually contains more than one diamond, violates both Federal and California consumer protection statutes.

---

[3]The FTC Guides make clear that it is permissible to use a fraction, such as 1/4 carat, even for stones which are in a range of sizes that are slightly above or below the 1/4 representation. However, the range must be reasonable, and it must be disclosed "on every page where a fractional disclosure is made." See 16 CFR §23.17. Defendants routinely fail to do this in their catalog and internet advertising.

BAKER LAW PC
524 Union Street, #213
San Francisco, CA 94133
MANO LAW PC
Post Office Box 59288
Birmingham, Alabama 35259

14

Plaintiffs' First Amended Class Action Complaint
Case No.: 12-01105-RS

**E.** **Rolled or Hollow Gold**

70. Defendants' catalog and internet advertising routinely describes items of jewelry which are made of "hollow" tubing or "rolled" gold as, simply, "gold."

71. This representation, without clarification, is unfair and deceptive.

72. The FTC Guides state that:

(a) It is unfair or deceptive to misrepresent the presence of gold or gold alloy in an industry product, or the quantity or karat fineness of gold or gold alloy contained in the product, or the karat fineness, thickness, weight ratio, or manner of application of any gold or gold alloy plating, covering, or coating on any surface of an industry product or part thereof.

(b) The following are examples of markings or descriptions that may be misleading:

(1) Use of the word "Gold" or any abbreviation, without qualification, to describe all or part of an industry product, which is not composed throughout of fine (24 karat) gold.

[...]

(c) The following are examples of markings and descriptions that are consistent with the principles described above:

(1) An industry product or part thereof, composed throughout of an alloy of gold of not less than 10 karat fineness, may be marked and described as "Gold" when such word "Gold," wherever appearing, is immediately preceded by a correct designation of the karat fineness of the alloy, and such karat designation is of equal conspicuousness as the word "Gold" (for example, "14 Karat Gold," "14 K. Gold," or "14 Kt. Gold"). Such product may also be marked and described by a designation of the karat fineness of the gold alloy unaccompanied by the word "Gold" (for example, "14 Karat," "14 Kt.," or "14 K.").

Note to paragraph (c)(1): *Use of the term "Gold" or any abbreviation to describe all or part of a product that is composed throughout of gold alloy, but contains a hollow center or interior, may mislead consumers, unless the fact that the product contains a hollow center is disclosed in immediate proximity to the term "Gold" or its abbreviation* (for example, "14 Karat Gold-Hollow Center," or "14 K. Gold Tubing," when of a gold alloy tubing of such karat fineness). Such products should not be marked or described as "solid" or as being solidly of gold or of a gold alloy. For example, when the

BAKER LAW PC
524 Union Street, #213
San Francisco, CA 94133
MIANO LAW PC
Post Office Box 59288
Birmingham, Alabama 35259

> composition of such a product is 14 karat gold alloy, it should not be described or marked as either "14 Kt. Solid Gold" or as "Solid 14 Kt. Gold."

16 CFR 23.4 (emphasis added).

73.     Thus, the failure of Defendants to disclose the use of hollow tubing in its gold jewelry products in immediate proximity to the use of the term "gold" is misleading to consumers, is a violation of the FTC Guides, and violates California and Federal consumer protection statutes.

74.     In summary, Defendants withheld from Plaintiffs and other similarly situated persons the fact that the jewelry it sells does not have the characteristics claimed in the advertisements. Such information was withheld from consumers in order for Defendants to increase sales, and unjustly profit from the sale of such jewelry.

75.     Defendants induced Plaintiffs and other similarly situated individuals to purchase jewelry by falsely advertising the characteristics of its jewelry.

76.     Defendants have an affirmative duty to confirm the characteristics of the jewelry they sell, and to accurately advertise the jewelry to consumers.[4]

77.     Defendants knew or should have known that Plaintiffs and the class they represent would rely on advertising about the characteristics of their jewelry to make buying decisions.

## VII.  FIRST CAUSE OF ACTION

### (Business and Professions Code § 17500, *et seq.* - Misleading and Deceptive Advertising)

78.     Plaintiffs repeat each and every allegation contained in the paragraphs above and incorporate such allegations by reference herein.

79.     Plaintiffs assert this cause of action for violations of California Business and Professions Code §17500, *et seq.* for misleading and deceptive advertising against Defendants.

---

[4]Defendants' legal obligations and duties arise from a variety of sources. The FTC Guides for the Jewelry, Precious Metals, and Pewter Industries provides standards for jewelry advertising that is not deceptive or misleading. The Gold Stamp Act also sets forth the standards for required disclosures regarding the gold content of jewelry. See 15 U.S.C. §§ 291-300. The Act has been known at different times as the "National Gold and Silver Stamping Act", the "Gold Labeling Act" and the "Jewelers' Liability Act". For the purposes of this Complaint, it will be referred to as the "Gold Stamp Act". The federal FTC Act, as well as California's UCL and FAL, also provide standards regarding non-deceptive advertising, as discussed and set forth throughout this Complaint.

BAKER LAW PC
524 Union Street, #213
San Francisco, CA 94133
MANO LAW PC
Post Office Box 59288
Birmingham, Alabama 35259

80. At all material times, Defendants have engaged in a scheme of offering for sale jewelry to Plaintiffs and other members of the Class by way of, *inter alia*, the Internet, catalogs, stores, and other promotional materials. The jewelry at issue is falsely advertised as more fully described above.

81. Defendants' obligations include, among other things, insuring that each piece of jewelry is advertised and/or stamped accurately, including claims as to metal fineness or plating, the existence of hollow or rolled gold, diamond size, number and quality, and country of origin.

82. Said labeling and other representations were made within the State of California and come within the definition of advertising as contained in Business and Professions Code §17500, *et seq*. in that such promotional materials and product labeling are intended as inducements to purchase the products and are statements disseminated by Defendants to Plaintiffs and the class, and are intended to reach these consumers.

83. Defendants knew, or in the exercise of reasonable care should have known, that these statements would be misleading and deceptive to the reasonable California consumer.

84. In furtherance of said plan and scheme, Defendants have distributed within the State of California promotional materials which contain statements that falsely advertise the true composition of their jewelry at issue via the Internet, catalogs, stampings on jewelry, and in retail stores.

85. Defendants make false claims as to metal fineness, metal content, metal plating, metal tubing, diamond size, number and quality, and country of origin in their promotional materials and advertising, as described herein.

86. Consumers, including Plaintiffs and class members, necessarily and reasonably relied on the representations in the advertising and other promotional materials used to promote these items of jewelry.

87. Consumers, including Plaintiffs and class members, were among the intended targets of these representations, statements and omissions.

88. The above acts of Defendants, in disseminating said misleading and deceptive representations and statements throughout the State of California to consumers, including Plaintiffs and class

BAKER LAW PC
824 Union Street, #213
San Francisco, CA 94133
MIANO LAW PC
Post Office Box 59288
Birmingham, Alabama 35259

members, were and are likely to deceive reasonable consumers by obfuscating the true composition of the jewelry, all in violation of the "misleading prong" of California Business and Professions Code § 17500, *et seq.*

89.    As a result of the above violations of the misleading prong of Business and Professions Code § 17500, *et seq.*, Defendants have been unfairly and unjustly enriched at the expense of Plaintiffs and the class and should be required to forfeit their ill-gotten gains.

90.    Plaintiffs and the class, pursuant to Business and Professions Code § 17535, are entitled to an order of this Court enjoining such future wrongful conduct on the part of Defendants, and such other orders and judgments which may be necessary to disgorge Defendants' ill-gotten gains and restore to any person in interest any money paid for falsely advertised jewelry as a result of the wrongful conduct of Defendants.

91.    WHEREFORE, Plaintiffs pray for relief, for themselves and for the members of the Class as set forth below.

## VIII.  SECOND CAUSE OF ACTION

### (Business and Professions Code § 17500, *et seq.* - Untrue Advertising)

92.    Plaintiffs repeat each and every allegation contained in the paragraphs above and incorporate such allegations by reference therein.

93.    Plaintiffs assert this cause of action for violations of California Business and Professions Code § 17500, *et seq.* for untrue advertising against Defendants. Defendants have engaged in a scheme of offering for sale in retail stores, on the Internet, and in catalogs, jewelry whose advertising is untrue as to the composition of jewelry at issue.

94.    As more fully described below, Defendants' advertising is untruthful as to metal fineness; the use of undisclosed or less-desirable metals as plating over precious metals; the existence, thickness or quality of metal plating; the use of alternative, cheaper, less-desirable, or non-precious metals or metal alloys; the number, size or quality of diamonds or other stones; the geographic origin of the item or its contents; the use of hollow or rolled gold; and failure to comply with the FTC Guides for the Jewelry, Precious Metals, and Pewter Industries; and § 5 of the FTCA, which forbids deceptive advertising.

BAKER LAW PC
524 Union Street, #213
San Francisco, CA 94133
MANO LAW PC
Post Office Box 59288
Birmingham, Alabama 35259

95.    Consumers, including Plaintiffs and the Class members, necessarily and reasonably rely on JC Penney's internet advertising, catalog advertising, quality stamps on the jewelry (e.g., diamond accents, made in the USA, etc), in deciding whether to purchase these jewelry items.

96.    Consumers, including Plaintiffs and the Class members, were among the intended targets of these publically disseminated representations and statements.

97.    The above acts of Defendants, in disseminating these false statements throughout the State of California to consumers, including Plaintiffs and Class members, were and are likely to deceive reasonable consumers by obfuscating the nature, quality and characteristics of their jewelry, all in violation of the  "untrue" prong of California Business and Professions Code §17500, et seq.

98.    Defendants knew or should have known that the statements disseminated are untrue by virtue of the specification sheets Defendants possess for each item of jewelry. These specification sheets describe the exact composition of each item of jewelry. Exemplary copies of specification sheets are attached hereto as Exhibit G.

99.    Pursuant to § 5 of the FTCA, deception is forbidden and enforceable by the FTC.  Of course, if a particular advertisement is NOT deceptive, then it stands to reason that it must be truthful. The opposite applies as well. If Defendants are being untruthful, then ipso-facto, a particular advertisement is deceptive.

100.   Moreover, telling only a half truth in a communication between consumers and retailer is deceptive and, therefore, untrue under California law. No doubt consumers expect, rely and depend on Defendants to provide the truth - the whole truth.

101.   Describing a ring like Ms. Torres' ring as 14k White Gold, without more, is untruthful when it is, in fact, plated with white, shiny rhodium to make it look more appealing. Truthfulness implies a disclosure of facts which a reasonable consumer would consider material, such as whether the wedding ring she is considering is plated in a metal other than gold.

102.   Plaintiffs did not receive complete disclosure, and this omission made the representations they did receive untrue. Inaccurate jewelry descriptions, such as failure to disclose a thin surface coating, are unlawful under § 5 of the FTCA because they are deceptive.  Plaintiffs believe and therefore allege that their jewelry was NOT advertised truthfully.

BAKER LAW PC
524 Union Street, #213
San Francisco, CA 94133
MANO LAW PC
Post Office Box 59288
Birmingham, Alabama 35259

103. Defendants' statements claiming certain items of jewelry are made in the U.S.A. are untrue. By way of example, Defendants advertised a bracelet (item FK290-6203FA) on their website as made in the USA. However, that bracelet is stamped "China" on the inside of the bracelet. Attached hereto as Exhibit D is the advertisement for that bracelet, along with a close-up photo of the "China" stamp on the bracelet).

104. According to the Federal Trade Commission, "Made in USA" means that all or virtually all of the product was, indeed, made in America. Based on the "China" stamp, the bracelet was not made in America, and therefore the advertisement is untrue and in violation of the FAL. Plaintiffs believe discovery will reveal other items of jewelry with false country of origin designations.

105. Indeed, the advertisement for the bracelet indicated above (item FD290-6203 FA) is untrue in three regards: (1) country of origin; (2) number of diamonds; and (3) platinum plating. As stated in the advertisement, the bracelet was made in China, despite the advertising.

106. Secondly, the advertisement proclaims the bracelet has"diamond accents", but contains only one diamond.

107. Lastly, the plating material is rhodium and not platinum. This information is contained on the specification sheets maintained by Defendants, and is known or should be known by Defendants before they create advertising and place the item into the stream of commerce. Discovery will reveal the breadth of untrue advertising in the above referenced categories.

108. The gravamen of the issue of untrue advertising is whether members of the public are likely to be deceived. Plaintiffs allege that the half truths told by Defendants' in their advertising actually misled them. Certainly, reasonable consumers are likewise, likely to be deceived.

109. No doubt, a violation of the FTCA occurs either by material misstatements as indicated above, or omitting to disclose a material negative fact, such as a thin surface coating. Plaintiffs and the putative class are likely to be misled by the advertising, and therefore the advertising is untrue under the FAL.

110. Plaintiffs and Class members, pursuant to Business and Professions Code § 17535, are entitled to an order of this Court enjoining such future wrongful conduct on the part of Defendants, and

BAKER LAW PC
524 Union Street, #213
San Francisco, CA 94133
MIANO LAW PC
Post Office Box 59288
Birmingham, Alabama 35259

20

Plaintiffs' First Amended Class Action Complaint
Case No.: 12-01105-RS

such other orders and judgments which may be necessary to disgorge Defendants' ill-gotten gains and restore to any person in interest any money paid for misrepresented jewelry as a result of the wrongful conduct of Defendants.

111.    WHEREFORE, Plaintiffs pray for relief, for themselves and for the Class members as set forth below.

## IX.  THIRD CAUSE OF ACTION

**(Business and Professions Code § 17200, *et seq*. - Unlawful Business Acts and Practices)**

112.    Plaintiffs repeat each and every allegation contained in the paragraphs above and incorporate such allegations by reference herein.

113.    The acts of Defendants, as described above, and each of them, constitute unlawful business acts and practices.

114.    Marketing, advertising, selling and distributing jewelry whose material characteristics are misrepresented is unlawful.

115.    The business practices alleged above are unlawful under Business and Professions Code §17200, *et seq*. by virtue of violating the FTCA, FTC jewelry guidelines and standards, among other borrowed laws.

116.    Section 5 of the Federal Trade Commission Act (FTC Act), 15 U.S.C. §45(a), prohibits entities from engaging in unfair or deceptive acts or practices in interstate commerce.

117.    According to the FTC's Policy Statement on Deception, which governs application of the FTC Act (attached hereto as Exhibit H), the FTC uses a three-pronged rubric for analyzing possible claims of deceptive or unfair acts or practices. First, there must be a representation, omission or practice that is likely to mislead the consumer. Second, the consumer must act reasonably under the circumstances. Third, the representation, omission, or practice must be "material" to the consumer.

118.    Accordingly, the FTC deems an advertisement deceptive where there is "a representation, omission or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment." The issue is whether the act or practice is likely to mislead, rather than whether it causes actual deception.

BAKER LAW PC
524 Union Street, #213
San Francisco, CA 94133
MIANO LAW PC
Post Office Box 59288
Birmingham, Alabama 35259

119.   Here, Plaintiffs allege that Defendants have failed to disclose its routine use of rhodium plating to make its white or silver-colored jewelry look brighter and shinier, and have failed to disclose that this rhodium plating will wear off with routine use. Plaintiffs further allege that Defendants have represented certain items of jewelry as white-gold, sterling silver, or platinum when, in fact, they are plated with rhodium.

120.   A reasonable consumer is not likely to be able to discern this use of rhodium from a catalog or internet advertisement. The plating will likely become apparent to the consumer only when the rhodium begins to wear off, which typically occurs after the purchase has been made.

121.   Moreover, no reasonable consumer has access to the sophisticated testing equipment required to ascertain the actual content of the jewelry they purchase. Thus, they rely, reasonably, on full disclosure in the advertisements of jewelry retailers.

122.   Plaintiffs have properly alleged that they were injured as a result of Defendants' unlawful conduct, in that they were persuaded by deception to give up their money in exchange for a product which was not truthfully represented in advertising. Further, Plaintiffs allege that they either would not have purchased the items, or would have only purchased them at a lower price, had they been exposed to truthful advertising about the jewelry.

123.   Similarly, Defendants engaged in unlawful conduct by failing to make fractional disclosures regarding diamond weights as required by the FTC Guides, by misleading consumers about the number of diamonds contained in items of jewelry, by misstating the country of origin, and by failing to disclose the use of hollow or rolled gold in its jewelry products.

124.   The business practices alleged above are unlawful under Business and Professions Code §17200, *et seq*. by virtue of violating Business and Professions Code §17500, *et seq*., which forbids untrue advertising and misleading advertising.

125.   The business practices alleged above are also unlawful because the suggestion, as a fact, of that which is not true, or the positive assertion of that which is not true, or the suppression of that which is true, or any other act "fitted to deceive" is unlawful under California Civil Code §1572 and California Civil Code §1709-10.

126.   As a result of the wrongful business practices described above, Plaintiffs and Class members,

BAKER LAW PC
524 Union Street, #213
San Francisco, CA 94133
MANO LAW PC
Post Office Box 59288
Birmingham, Alabama 35259

1  pursuant to Business and Professions Code § 17203, are entitled to an order enjoining such

2  future wrongful conduct on the part of Defendants and such other orders and judgments which

3  may be necessary to disgorge Defendants' ill-gotten gains and to restore to any person in interest

4  any money paid for the products as a result of the wrongful conduct of Defendants.

5  127.   The above-described unlawful business acts and practices of Defendants, and each of them,

6  present a reasonable likelihood of deception to Plaintiffs and class in that Defendants have

7  systematically perpetrated and continue to perpetrate such acts or practices upon members of

8  the Class by means of misleading advertising and marketing.

9  128.   WHEREFORE, Plaintiffs prays for relief, for themselves and for the Class members, as set forth

10  below.

11  ## X.  FOURTH CAUSE OF ACTION

12  **(Business and Professions Code § 17200, *et seq*. - Unfair Business Acts and Practices)**

13  129.   Plaintiffs repeat each and every allegation contained in the paragraphs above and incorporate

14  such allegations by reference herein.

15  130.   Such acts of Defendants, as described above, and each of them, constitute unfair business acts

16  and practices.  In particular, Defendants acts and practices are unfair as to four (4) particulars.

17  It is unfair to: (1) not disclose the use of rhodium as a surface plating; (2) falsely advertise the

18  country of origin; (3) not disclose the use of rolled or hollow gold; and (4) not accurately make

19  fractional disclosures, or describe the quantity of diamonds and other gemstones (including

20  treatments).[5]

21  131.   Plaintiffs, and Class members who purchased any of the falsely advertised jewelry at issue

22  suffered a substantial injury by virtue of buying a product they would not have purchased , or

23  would have paid less for, absent Defendants' unfair acts and practices.

24  132.   There is no benefit to consumers nor to competition from JC Penney's false advertising of its

25  jewelry products. Indeed, the harm to consumers and competition is substantial, as consumers

26  and competitors who play by the rules are disadvantaged by JC Penney's false advertising.

27

28  [5] See Ex. C, spreadsheet of items presently known that fit into the four (4) types of unfair acts and practices stated above.

BAKER LAW PC
524 Union Street, #213
San Francisco, CA 94133
MANO LAW PC
Post Office Box 59288
Birmingham, Alabama 35259

Plaintiffs' First Amended Class Action Complaint
Case No.: 12-01105-RS

Consumers cannot discern when rhodium is used, when hollow gold is used, the number of diamonds or other gemstones, nor true the country of origin.

133. Consumers are harmed by purchasing and/or paying more for jewelry that is coated in rhodium, has fewer diamonds and/or gemstones than claimed, is hollow, and is not manufactured where indicated. In short, Plaintiffs and consumers got inferior jewelry that have qualities that they did not bargain for, thereby causing substantial harm in the form of lost money.

134. Plaintiffs and Class members had no way of reasonably knowing that Defendants products were not as advertised, stamped, promoted, or otherwise labeled. Thus, the Class could not have reasonably avoided the injury each of them suffered.

135. The gravity of the consequences of Defendants' conduct as described above outweighs any justification, motive or reason therefore, particularly considering the available legal alternatives which exist in the marketplace, and is immoral, unethical, unscrupulous, offends established public policy or is substantially injurious to Plaintiffs and Class members.

136. As a result of the business acts and practices described above, Plaintiffs and the Class members, pursuant to Business and Professions Code § 17203, are entitled to an order enjoining such future wrongful conduct on the part of Defendants, and such other orders and judgments which may be necessary to disgorge Defendants' ill-gotten gains and to restore to any person in interest any money paid for the products as a result of the wrongful conduct of Defendants.

137. WHEREFORE, Plaintiffs pray for relief, for themselves and for the Class members as set forth below.

## XI.  FIFTH CAUSE OF ACTION

**(Business and Professions Code § 17200, *et seq*. - Fraudulent Business Acts and Practices)**

138. Plaintiffs repeat each and every allegation contained in the paragraphs above and incorporate such allegations by reference herein.

139. Such acts of Defendants as described above, and each of them, constitute fraudulent business practices under California Business and Professions Code sections § 17200, *et seq.*

140. As more fully described above, the stamping and false advertising of the jewelry at issue is likely to deceive reasonable California purchasers, such as the Plaintiffs and Class members.

BAKER LAW PC
524 Union Street, #213
San Francisco, CA 94133
MIANO LAW PC
Post Office Box 59288
Birmingham, Alabama 35259

141.  Indeed, Plaintiffs and the Class were unquestionably deceived into believing the jewelry products they purchased were as advertised, when in fact, they were not. Said acts are fraudulent business acts and practices.

142.  This fraud and deception caused Plaintiffs and Class members to purchase the jewelry in question, or to pay more than they would have, had they known the true composition of the jewelry.

143.  Specifically, the fraudulent acts complained of include:

a.   Failure to disclose the use of rhodium plating on its jewelry;

b.   Failure to disclose that rhodium plating will wear off with normal use and require frequent replating;

c.   Failure to properly describe the weights of diamonds advertised using fractional disclosures;

d.   Failure to disclose the actual number of diamonds used in pieces of jewelry;

e.   Using deceptive language and metal fabrication techniques to trick consumers into thinking jewelry has more diamonds than are actually in the piece of jewelry;

f.   Mis-stating the country of origin for items of jewelry as being "Made in the USA";

g.   Failing to disclose the use of "hollow" or "rolled" gold to avoid deceiving consumers about the gold content of its jewelry.

144.  As a result of the business acts and practices described above, Plaintiffs and Class members, pursuant to Business and Professions Code § 17203, are entitled to an order enjoining such future wrongful conduct on the part of Defendants, and each of them, and such other orders and judgments which may be necessary to disgorge Defendants' ill-gotten gains and to restore to any person in interest any money paid for the products at issue as a result of the wrongful conduct of Defendants.

145.  WHEREFORE, Plaintiffs pray for relief, for themselves and for the Class members, as set forth below.

## RELIEF DEMANDED

a.   An Order certifying that the action be maintained as a class action, and that the Plaintiffs

BAKER LAW PC
524 Union Street, #213
San Francisco, CA 94133
MIANO LAW PC
Post Office Box 59288
Birmingham, Alabama 35259

1    and their counsel are adequate to serve as representatives of the Class;

2    b.    For a preliminary and permanent injunction enjoining Defendants from advertising,

3          representing, or otherwise holding out for sale within the State of California, any jewelry

4          that is misrepresented or otherwise falsely advertised in violation of Cal. Bus. & Prof.

5          Code 17200 and/or 17500;

6    c.    An Order requiring Defendants to provide corrective advertising designed to correct the

7          misrepresentations, misstatements and omissions made in its jewelry marketing and

8          advertising.

9    d.    For a judgment of the Court, pursuant to Business & Professions Code §§ 17200 and

10         17500, to restore, by way of restitution, refund or reimbursement, to any person in

11         interest, any money acquired by means of Defendants' untrue, deceptive or misleading

12         advertising and/or unfair, unlawful or fraudulent business acts and practices described

13         herein;

14   e.    Disgorgement of the excessive and ill-gotten monies obtained by Defendants as a result

15         of the untrue and misleading advertising and unlawful, unfair or fraudulent business acts

16         and practices described herein;

17   f.    For an award of attorney fees pursuant to, *inter alia*, Code of Civil Procedure §§ 1021.5

18         and 1032;

19   g.    For costs of suit herein incurred pursuant to Code of Civil Procedure § 1033.5;

20   h.    Pre and post-judgment interest; and/or

21   i.    For such other and further relief as this Court deems appropriate or which is allowed for

22         in law or equity.

23

24   Dated: October 22, 2012

25                                    **BAKER LAW**
                                      A Professional Corporation

26

                                      By:  _____*/s G. Richard Baker*_____
27                                    G. RICHARD BAKER (SBN 224003)
                                      Attorney for Plaintiffs, Individually and On Behalf of All
28                                    Others Similarly Situated

BAKER LAW PC
524 Union Street, #215
San Francisco, CA 94133
MIANO LAW PC
Post Office Box 59268
Birmingham, Alabama 35259

OF COUNSEL:
**BAKER LAW PC**
524 Union Street, # 213
San Francisco, CA 94133
415.295.4814 (telephone)
800.886.6556(facsimile)
richard@bakerlawpc.com

                                        **MIANO LAW**
                                        A Professional Corporation

                                        By:      */s Bert J. Miano*
                                        BERT J. MIANO (SBN 218934)
                                        Attorney for Plaintiffs, Individually and On Behalf of All
                                        Others Similarly Situated

OF COUNSEL:
**MIANO LAW PC**
Post Office Box 59268
Birmingham, AL 35259
205.714.7199 (telephone)
205.714.7177(facsimile)
bmiano@mianolaw.com

BAKER LAW PC
524 Union Street, #213
San Francisco, CA 94133
MIANO LAW PC
Post Office Box 59268
Birmingham, Alabama 35259

Plaintiffs' First Amended Class Action Complaint
Case No.: 12-01105-RS