UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA TORRES, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>JC PENNEY CORPORATION, INC., et al.,<br><br>    Defendants. | Case No. 12-cv-01105-JST<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. No. 55 |

In this putative class action for violations of California's Consumer Legal Remedies Act, California's Unfair Competition Law, and California's False Advertising Law, Defendants move under Federal Rule of Civil Procedure 12(b)(6) to dismiss the second amended complaint ("SAC"). For the reasons set forth below, the motion is denied.

## I.   BACKGROUND

**A.   Plaintiffs' Claims**

The court accepts the following allegations of Plaintiffs' complaint as true for the purposes of deciding this motion to dismiss. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).

Plaintiffs' claims arise out of the alleged failure of Defendants JCPenney Company and JCPenney Corporation to disclose to consumers that the jewelry they advertise as "white gold" and "sterling silver" is coated with rhodium and that such coating wears off. SAC ¶ 1. The coating's degradation eventually reveals the underlying color of the jewelry, which is an "undesired yellow, off-white or dingy grey color." Id. Once the rhodium coating wears off, consumers can restore the jewelry's original "shiny white" appearance by re-coating the jewelry at their own expense. Id. ¶ 2.

1    Plaintiff Gabriel Rojas purchased an engagement ring from a JCPenney store in November
2    2011 for $1,070.98 and gave it to Plaintiff Maria Torres as a gift. Id. ¶¶ 21-26. JCPenney
3    represented the ring as being "white gold." Id. ¶ 22. JCPenney did not disclose to Rojas or Torres
4    that the ring was coated with rhodium, that the coating would wear off, and that the true color of
5    the underlying metal was "yellowish," not white. Id. ¶¶ 23-25. Rojas and Torres have had the
6    ring re-coated "more than once" in the past year to restore its original white color. Id. ¶ 28.

7    Plaintiff Ian Kerner purchased a necklace, earrings, and a bracelet from JCPenney's
8    website in January 2012. Id. ¶ 32. The website advertised the items as sterling silver. Id.
9    JCPenney did not disclose to Kerner that the items were coated with rhodium or that the coating
10   would wear off to reveal a layer of copper or nickel that is applied to the sterling silver core to
11   make the rhodium coating adhere more easily to the jewelry. Id. ¶¶ 31, 33.

12   Plaintiffs allege that if they had known that the jewelry they purchased was coated with
13   rhodium, that the coating would wear off, and that they would have to incur additional expenses to
14   restore the jewelry's original "bright white" appearance, they would not have purchased the
15   jewelry or would have paid less for it. Id. ¶¶ 29, 34.

16   Plaintiffs bring three causes of action in the SAC, all of which arise out of Defendants'
17   failure to disclose the rhodium coating: (1) count one is for violations of California's Consumer
18   Legal Remedies Act; (2) count two is for violations of California's Unfair Competition Law,
19   Business and Professions Code Section 17200; and (3) count three is for violations of California's
20   Fair Advertising Law, Business and Professions Code Section 17500.

21   Plaintiffs bring this action on behalf of themselves and "all persons residing in the state of
22   California who, during the four years preceding the filing of the original Complaint, purchased
23   jewelry from JCPenney described as 'white gold' and/or 'sterling silver.'" Id. ¶ 44.

24   **B.   Procedural History**

25   Before this action was reassigned to this Court, District Judge Seeborg dismissed
26   Plaintiffs' original complaint with leave to amend. ECF No. 32.
27   / / /
28   / / /

## II. LEGAL STANDARD

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. When dismissing a complaint, leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. Lucas v. Dep't of Corrections, 66 F.3d 245, 248 (9th Cir. 1995).

A plaintiff asserting a fraud claim must satisfy the heightened pleading standards of Federal Rule of Civil Procedure 9(b), which require the plaintiff to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). A plaintiff satisfies her pleading burden under Rule 9(b) by alleging the "who, what, where, when, and how" of the charged misconduct. Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997).

## III. DISCUSSION

### A. Safe Harbors

Defendants move to dismiss each of the claims in the SAC on the basis that the Federal Trade Commission Guides ("FTC Guides"), the National Sampling Act, and California's Business and Professions Code Section 22179 contain safe harbors that shield them from liability for failing to disclose the rhodium coating.

As will be discussed below, Defendants fail to show that any of the provisions they cite contains a safe harbor that clearly permits them to fail to disclose the presence of rhodium on the surface of the jewelry they sell.

#### 1. California's Safe Harbor Doctrine

"The California Supreme Court has explained the 'safe harbor' doctrine in this

1 way:

2   Although the unfair competition law's scope is sweeping, it is not unlimited . . .
    Specific legislation may limit the judiciary's power to declare conduct unfair. If
3   the Legislature has permitted certain conduct or considered a situation and
    concluded no action should lie, courts may not override that determination. When
4   specific legislation provides a 'safe harbor,' plaintiffs may not use the general
    unfair competition law to assault that harbor."

5 Davis v. HSBC Bank Nev., N.A., 691 F.3d 1152, 1164 (9th Cir. 2012) (citing Cel-Tech

6 Commc'ns. Inc. v. L.A. Cellular Tel. Co., 83 Cal. Rptr. 2d 548, 562 (Cal. 1999)). "Under the safe

7 harbor doctrine, '[t]o forestall an action under the unfair competition law, another provision must

8 actually 'bar' the action or clearly permit the conduct.'" Id. (citing Cal-Tech, 83 Cal. Rptr. 2d at

9 562).

   **2.    FTC Guides**

11   Defendants contend that the FTC Guides authorize them to advertise an item as gold or

12 sterling silver without disclosing any rhodium coating as long as the amount of other metals in the

13 item does not exceed the permissible tolerances set forth in the National Stamping Act. These

14 tolerances are of three parts per thousand for gold and four parts per thousand for sterling silver.

15 See 16 C.F.R. §§ 23.4, 23.6.

16   Plaintiffs respond that the FTC Guides do not protect Defendants from liability for failing

17 to disclose the rhodium coating at issue because only legislation or regulations may provide a safe

18 harbor and Defendants do not establish that the Guides are legislation or regulations. Plaintiffs

19 contend that the FTC Guides do not have the force of law because they are merely interpretations

20 of laws intended to provide guidance to the public, and the FTC is not required to follow a formal

21 rulemaking process before issuing them. See 16 C.F.R. § 1.5 (noting that the FTC "[i]ndustry

22 guides are administrative interpretations of laws administered by the Commission for the guidance

23 of the public in conducting its affairs in conformity with legal requirements. They provide the

24 basis for voluntary and simultaneous abandonment of unlawful practices by members of industry.

25 Failure to comply with the guides may result in corrective action by the Commission under

26 applicable statutory provisions."); see also 15 U.S.C. § 57a(b)(2) (describing the informal

27 rulemaking process that the FTC must follow before issuing interpretive rules and general

28 statements of policy).

1  Because Defendants have not established that the FTC Guides are legislative or quasi-legislative provisions that were the result of a formal, notice-and-comment rulemaking process or an adjudicative enforcement action, the Court is not persuaded that such Guides have the force of law and thus can provide a safe harbor for Defendants' alleged conduct. See Von Koenig v. Snapple Beverage Corp., 713 F. Supp. 2d 1066, 1076 (E.D. Cal. 2010) (holding that the FDA's policy statements do not create a safe harbor under California law because such statements were not "the result of a *formal*, deliberative process akin to notice and comment rulemaking or an adjudicative enforcement action" and thus "cannot be accorded the weight of federal law") (emphasis added).

Even if the FTC Guides had the force of law, Defendants have not shown that the Guides clearly permit them to fail to disclose the rhodium coating at issue. See Davis, 691 F.3d at 1164 ("Under the safe harbor doctrine, '[t]o forestall an action under the unfair competition law, another provision must actually 'bar' the action or *clearly permit* the conduct.'") (emphasis added) (citation omitted). The Guides state merely that "[i]t is unfair or deceptive to misrepresent" the presence of gold or silver in an industry product if the product does not meet the permissible tolerances for gold or silver in the National Stamping Act. See 16 C.F.R. §§ 23.4, 23.6. These provisions do not clearly permit Defendants to fail to disclose the rhodium coating; at best, the provisions do not make Defendants' failure to disclose the rhodium coating unlawful. The California Supreme Court has held that "[t]here is a difference between (1) not making an activity unlawful, and (2) making that activity lawful" and that only "[a]cts that the Legislature has determined to be lawful may not form the basis for an action under the unfair competition law." Cal-Tech, 83 Cal. Rptr. 2d at 562-63. The FTC Guides do not make Defendants' alleged omissions lawful and therefore do not provide a shield for those omissions.

**3. National Stamping Act**

In their reply, Defendants argue that their motion "cites the National Stamping Act" as providing a safe harbor for their conduct. Reply at 1. In their motion, however, Defendants do not explain how the National Stamping Act shields them from liability arising out of their failure to disclose the rhodium coating.

5

1    The National Stamping Act provisions that Defendants cite provide that the actual fitness of articles made in whole or in part of gold or silver that are imported to, exported from, or transported within the United States "shall not be less" than a specified amount. See 15 U.S.C. § 295 (titled "Standard of fineness of gold articles; deviation"); 15 U.S.C. § 296 (titled "Standard of fineness of silver articles; deviation"). Neither of these provisions "clearly permit" sellers of gold or silver articles to fail to disclose to consumers the presence of rhodium coating in such articles. Accordingly, the Court finds that such provisions do not provide a safe harbor for the conduct at issue here. See Davis, 691 F.3d at 1164.

### 4. Business and Professions Code Section 22179

Defendants argue that Business and Professions Code Section 22179 contains a safe harbor that immunizes their failure to disclose any rhodium coating in gold jewelry.

Section 22179 provides that "the variation between the actual fineness of the gold or its alloy contained in any article and that indicated by the quality mark applied to such article shall not exceed the tolerances for fineness prescribed" by the National Stamping Act. Cal. Bus. & Prof. Code § 22179.

Because Section 22179 does not "clearly permit" sellers of gold articles to fail to disclose to consumers the presence rhodium coating in such articles, the Court finds that Section 22179 does not provide a safe harbor for the conduct at issue here. See Davis, 691 F.3d at 1164.

### B. Count One: California Legal Remedies Act ("CLRA")

Defendants move to dismiss Plaintiffs' claims under the CLRA. They argue that a CLRA claim based on an omission of material facts requires pleading a duty to disclose such facts, and Plaintiffs cannot plead such a duty here because the FTC Guides permit Defendants to fail to disclose any rhodium coating on jewelry as long as the jewelry meets the composition requirements of the National Stamping Act.

The viability of Defendants' argument depends on the existence of a safe harbor in the FTC Guides that clearly authorizes them to fail to disclose the rhodium coating. As discussed above, Defendants have not shown that the FTC Guides contain such a safe harbor. Even if they had, the question of whether certain conduct falls within the scope of a safe harbor for the purpose

6

of absolving a defendant of a duty to disclose a material fact is a question of fact that cannot be resolved on a motion to dismiss. See Bourgi v. West Covina Motors, Inc., 83 Cal. Rptr. 3d 758, 767 (Cal. Ct. App. 2008).

Having determined that Defendants' safe-harbor challenge to Plaintiffs' CLRA claim is unmeritorious, the Court now considers whether Plaintiffs have stated a claim under the CLRA.

The CLRA prohibits "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer." Cal. Civ. Code § 1770(a). Such acts and practices include representing that goods have characteristics that they do not have, representing that goods are of a particular quality when they are of another, and representing that goods were supplied in accordance with a previous representation when they were not. Cal. Civ. Code §§ 1770(a)(5), 1770(a)(7), 1770(a)(16).

A plaintiff may bring a claim under the CLRA for a failure to disclose a material fact if the plaintiff shows that the defendant had a duty to disclose such a fact. To establish a duty to disclose under California law, a plaintiff must plausibly plead that at least one of the following four circumstances exists: (1) the defendant was in a fiduciary relationship with the plaintiff; (2) the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) the defendant actively concealed a material fact from the plaintiff; or (4) the defendant made partial representations but also suppressed some material fact. *Falk v. Gen. Motors Corp.*, 496 F. Supp. 2d 1088, 1095 (N.D. Cal. 2007) (citing LiMandri v. Judkins, 60 Cal. Rptr. 2d 539, 544 (Cal. Ct. App. 1997)). Additionally, a plaintiff asserting a CLRA claim must meet the pleading requirements of Federal Rule of Civil Procedure 9(b). See Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009) (holding that "Rule 9(b)'s heightened pleading standards apply to claims for violations of the CLRA and UCL").

Here, Plaintiffs do not allege that a fiduciary relationship exists between the parties. Accordingly, Plaintiffs must plead facts showing that at least one of the remaining three circumstances giving rise to a duty to disclose exists. Each of the remaining circumstances requires the existence of a material fact. Non-disclosed information is material if, "had the

7

omitted information been disclosed, one would have been aware of it and behaved differently." Falk, 496 F. Supp. 2d at 1095 (citing Mirkin v. Wasserman, 23 Cal. Rptr. 2d 101, 107 (Cal. 1993)). In the context of a CLRA claim, materiality is judged by the effect on a "reasonable consumer." Id. (citing Consumer Advocates v. Echostar Satellite Corp., 8 Cal. Rptr. 3d 22, 29 (Cal. Ct. App. 2003)).

The Court finds that Plaintiffs have sufficiently pled the existence of all three of the remaining circumstances.

First, Plaintiffs plausibly allege that Defendants had exclusive knowledge of the rhodium coating because the rhodium coating was not visually discernible to Plaintiffs at the time they purchased the jewelry and because Defendants had exclusive access to the specification sheets that detail the contents of such jewelry. SAC ¶¶ 41, 55.

Second, Plaintiffs plausibly allege that Defendants actively concealed the rhodium coating from Plaintiffs because neither the advertisements for the jewelry nor the sales staff selling the jewelry provided them with any information about the rhodium coating. SAC ¶¶ 21-24.

Third, Plaintiffs plausibly allege Defendants made partial representations about the jewelry, specifically that it was "14kt white gold" or "sterling silver," but suppressed the fact that the jewelry had a rhodium coating. SAC ¶¶ 22, 32, 33.

Additionally, Plaintiffs have plausibly pled that the rhodium coating was material because they allege that they would not have purchased the jewelry or would have paid less for it if they had known that the jewelry had rhodium coating. SAC ¶ 63.

These allegations are sufficient to raise the reasonable inference that Defendants had a duty to disclose the rhodium coting.

The Court further finds that Plaintiffs also have sufficiently pled the "who, what, when, where, and how" required by Rule 9(b) by alleging that (1) in the four years prior to the filing of Plaintiff's original complaint, Defendants misrepresented the quality and color of the jewelry that Plaintiffs purchased and failed to disclose that such jewelry was coated with rhodium in their advertisements and sales-staff statements; (2) that such representations and omissions were likely to deceive a reasonable consumer; (3) that Plaintiffs relied on Defendants' representations and

omissions in purchasing the jewelry; and (4) that such representations and omissions caused injury to Plaintiffs because Plaintiffs must now incur additional expenses to re-coat the jewelry in order to restore its original appearance. SAC ¶¶ 1, 2, 43, 44, 31, 71.

As Plaintiffs have pled sufficient facts to state a claim under the CLRA, Defendants' motion to dismiss count one of the SAC is DENIED.

**C.     Count Two: Unfair Competition Law ("UCL")**

The UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. "An act can be alleged to violate any or all of the three prongs of the UCL—unlawful, unfair, or fraudulent." Berryman v. Merit Prop. Mgmt., Inc., 62 Cal. Rptr. 3d 177, 185 (Cal. Ct. App. 2007).

In count two of the SAC, Plaintiffs allege that Defendants violated each of the three prongs of the UCL because Defendants' failure to disclose the rhodium coating is unlawful, unfair, and fraudulent.

**1.     Unlawful Prong**

An act is unlawful under the UCL if it violates another law. "[V]irtually any state, federal or local law can serve as the predicate for an action under section 17200." Davis v. HSBC Bank Nev., N.A., 691 F.3d 1152, 1168 (9th Cir. 2012) (citing People ex rel. Bill Lockyer v. Fremont Life Ins. Co., 128 Cal. Rptr. 2d 463, 469 (Cal. Ct. App. 2002)).

Plaintiffs allege that Defendants' failure to disclose the rhodium coating violates the UCL because it is unlawful under the CLRA and the Federal Trade Commission Act ("FTCA"), 15 U.S.C. § 45(a).

Defendants move to dismiss this claim on the grounds that (1) the CLRA cannot serve as a predicate statute because Plaintiffs have failed to plead a CLRA violation; and (2) the FTCA cannot serve as a predicate statute because it contains no private cause of action and only the FTC may enforce it. Neither of these arguments is meritorious.

First, as discussed above, Plaintiffs have sufficiently stated a claim under the CLRA. This is sufficient to state a claim under the unlawful prong of the UCL.

Second, Plaintiffs are not precluded from using the FTCA as a predicate statute for their

9

UCL claim even if the FTCA does not contain a private cause of action. The FTCA declares as "unlawful" any "[u]nfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce," but it does not contain any provision that allows private parties to sue for violations of the Act. 15 U.S.C. § 45(a). The Ninth Circuit has held that, to bring a claim under the unlawful prong of the UCL, "[i]t does not matter whether the underlying statute also provides for a private cause of action; section 17200 can form the basis for a private cause of action even if the predicate statute does not." Chabner v. United of Omaha Life Ins. Co., 225 F.3d 1042, 1048-50 (citation omitted). Though a court may not allow a plaintiff to "plead around an absolute bar to relief simply by recasting the cause of action as one for unfair competition," to forestall an action under the unlawful prong of the UCL, "another *provision* must actually 'bar' the action." Cel-Tech, 83 Cal. Rptr. 2d at 562 (emphasis added); see also Ferrington v. McAfee, Inc., 10-cv-01455 LHK, 2010 WL 3910169, at *14 (N.D. Cal. Oct. 5, 2010) (holding that a claim under the unlawful prong of the UCL is barred only "if a statute indicates that exclusive enforcement authority shall lie with the government and *explicitly precludes* private enforcement, or if a statute expressly provides immunity for the conduct alleged") (emphasis added).

Defendants state that the FTCA cannot serve as a predicate statute because Congress "specifically intended to prohibit private enforcement of the FTCA," but they do not cite to any provision in the FTCA that explicitly precludes private actions for violations of the Act or to any other authority that establishes that the FTCA cannot be used as a predicate statute for a UCL claim. Reply at 12, ECF No. 59. Moreover, courts in this circuit routinely allow UCL claims predicated on FTCA violations to proceed as long as the plaintiff pleads sufficient facts to raise the reasonable inference that the defendant engaged in unfair practices that caused the plaintiff substantial injury. See, e.g., Baker v. Aegis Wholesale Corp., No. 09-cv-5280 PJH, 2010 WL 2853915, at *8 (N.D. Cal. July 21, 2010) (denying motion to dismiss a UCL claim predicated on violations of the FTCA); see also 15 U.S.C. § 45(n). As will be discussed in the next section, Plaintiffs' allegations are sufficient to raise the reasonable inference that Defendants' failure to disclose the rhodium coating constitutes an unfair practice that caused Plaintiffs to suffer a

10

substantial injury.

Because Plaintiffs have stated a claim under the unlawful prong of the UCL based on the CLRA and the FTCA, Defendants' motion to dismiss this claim is DENIED.

### 2. **Unfair Prong**

"[T]he determination of whether a particular business practice is unfair necessarily involves an examination of its impact on its alleged victim, balanced against the reasons, justifications and motives of the alleged wrongdoing." Berryman v. Merit Prop. Mgmt., Inc., 62 Cal. Rptr. 3d 177, 187 (Cal. Ct. App. 2007). "An act or practice is unfair if the consumer injury is substantial, is not outweighed by any countervailing benefit to consumers or to competition, and is not an injury the consumers themselves could reasonably have avoided." Daugherty v. Am. Honda Motor Co., 51 Cal. Rptr. 3d 118, 129 (Cal. Ct. App. 2006).

Defendants move to dismiss Plaintiffs' claims under the unfair prong of the UCL on the ground that Defendants' failure to disclose the rhodium coating is protected by a safe harbor. Because the Court already determined that Defendants failed to show that their conduct is protected by a safe harbor, this challenge fails.

The Court finds that Plaintiffs have stated a claim under the unfair prong of the UCL. Plaintiffs sufficiently allege that they suffered a substantial injury as a result of Defendants' failure to disclose the rhodium coating because they plausibly aver (1) that they would not have purchased jewelry from Defendants or they would have paid less for it if they had they had known that it was coated with rhodium; (2) that no benefit to either consumers or competitors can be achieved through Defendants' allegedly unfair conduct; and (3) that they could not have avoided this injury because Defendants had exclusive control of information pertaining to the rhodium coating. SAC ¶¶ 29, 41, 62, 64.

Accordingly, Defendants' motion to dismiss this claim is DENIED.

### 3. **Fraudulent Prong**

A plaintiff may bring a claim under the fraudulent prong of the UCL if the defendant's conduct is "likely to deceive." Newsom v. Countrywide Home Loans, Inc., 714 F. Supp. 2d 1000, 1012 (N.D. Cal. 2010) (citing Morgan v. AT&T Wireless Servs., Inc., 99 Cal. Rptr. 3d 768, 785

11

(Cal. Ct. App. 2009)). To state a claim for fraud under the UCL, a plaintiff must allege the existence of (1) a duty to disclose, and (2) reliance. *Id.* (citations omitted). Additionally, a claim for fraudulent conduct under the UCL must meet the heightened pleading requirements of Rule 9(b). See Kearns v. Ford Motor Co., 567 F.3d at 1125.

Defendants move to dismiss Plaintiffs' claims under the fraudulent prong of the UCL on the basis that Plaintiffs have failed to plead a duty to disclose the rhodium coating.

As discussed previously, Plaintiffs have alleged sufficient facts to raise the reasonable inference that Defendants owed them a duty to disclose the rhodium coating. Accordingly, this challenge fails.

In addition to having pled a duty to disclose, the Court finds that Plaintiffs have sufficiently alleged reliance and the "who, what, when, where, and how" required by Rule 9(b) by plausibly averring (1) that in the four years prior to the filing of Plaintiff's original complaint, Defendants misrepresented the quality and color of the jewelry that Plaintiffs purchased and failed to disclose that such jewelry was coated with rhodium in their advertisements and sales-staff statements; (2) that such representations and omissions were likely to deceive a reasonable consumer because Plaintiffs did not have access to information pertaining to the contents of the jewelry; (3) that Plaintiffs relied on Defendants' misrepresentations and omissions in purchasing the jewelry; and (4) that Defendants' misrepresentations and omissions caused injury to Plaintiffs because Plaintiffs must now incur additional expenses to re-coat the jewelry in order to restore its original appearance. SAC ¶¶ 1, 2, 43, 44, 31, 71.

As Plaintiffs have stated a claim under the fraudulent prong of the UCL, Defendants' motion to dismiss this claim is DENIED.

**D.     Count Three: Fair Advertising Law ("FAL")**

The FAL makes it unlawful for a business to disseminate any statement "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading" in connection with the sale of "real or personal property" or "services." Cal. Bus. & Prof. Code § 17500. The FAL encompasses not just false statements but those statements that "may be accurate on some level, but will nonetheless tend to mislead or deceive."

1   Ariz. Cartridge Remfrs. Ass'n, Inc. v. Lexmark Int'l., Inc., 421 F.3d 981, 985 (9th Cir. 2005)

2   (citation and internal quotation marks omitted).  Whether advertising is false or misleading under

3   the FAL depends on the "reasonable consumer" standard.  Williams v. Gerber Prods. Co., 552

4   F.3d 934, 938 (9th Cir. 2008) (citation omitted).  "Under the reasonable consumer standard, [the

5   plaintiff] must show that members of the public are likely to be deceived."  Id. (citation and

6   internal quotations omitted).

7   Defendants move to dismiss Plaintiffs' FAL claim on the grounds that Defendants' failure

8   to disclose the rhodium coating is protected by a safe harbor, that Plaintiffs have failed to plead a

9   duty to disclose, and that Plaintiffs have failed to plead that Defendants' conduct is likely to

10  deceive a reasonable consumer.

11  As stated above, the Court finds that Defendants have not shown that their failure to

12  disclose the rhodium coating is protected by a safe harbor and that Plaintiffs have adequately pled

13  that Defendants had a duty to disclose the rhodium coating.

14  In addition to having pled a duty to disclose, the Court finds that Plaintiffs also have

15  sufficiently alleged under Rule 9(b) that a reasonable consumer would have been deceived by

16  Defendants' advertisements by plausibly averring that (1) in the four years prior to the filing of

17  Plaintiff's original complaint, Defendants' advertisements misrepresented the quality and color of

18  the jewelry that Plaintiffs purchased and failed to disclose that such jewelry was coated with

19  rhodium; (2) that Defendants should have known that their advertisements were likely to deceive

20  members of the public based on the complaints of prior customers and Defendants' participation

21  in industry trade associations; (3) that Defendants had exclusive knowledge of the rhodium

22  coating because the rhodium coating was not visually discernible to Plaintiffs at the time they

23  purchased the jewelry and because Plaintiffs did not have access to the specification sheets that

24  detail the contents of such jewelry; (4) that Plaintiffs relied on Defendants' misrepresentations and

25  omissions in purchasing the jewelry; and (5) that such misrepresentations and omissions caused

26  injury to Plaintiffs because Plaintiffs must now incur additional expenses to re-coat the jewelry in

27  order to maintain its original appearance.  SAC ¶¶ 1, 2, 31, 41, 43, 44, 55, 71, 79.

28  Because these allegations are sufficient to state a claim under the FAL, Defendants' motion

to dismiss this claim is DENIED.

## IV.     CONCLUSION

Defendants' motion to dismiss each of the counts in the SAC is DENIED in its entirety. Defendants must file an answer to the SAC within twenty days of the date this Order is filed.

**IT IS SO ORDERED**.

Dated: May 8, 2013

JON S. TIGAR
United States District Judge