UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA TORRES, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>JC PENNEY CORPORATION, INC., et al.,<br><br>    Defendants. | Case No. 12-cv-01105-JST<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SEAL**<br><br>Re: ECF No. 87 |

In connection with their motion for class certification, Plaintiffs conditionally filed under seal Exhibits 1, 4, 6, and 9 to the declaration of Michael S. Strimling on the ground that Defendants designated some of the information contained in these exhibits as confidential under a protective order. ECF No. 87. In accordance with Civil Local Rule 79(e), Defendants filed a declaration requesting the sealing of Exhibits 4 and 6.[1] For the reasons set forth below, Defendants' request to seal Exhibit 4 is GRANTED and their request to seal Exhibit 6 is DENIED.

I. **LEGAL STANDARD**

Under Civil Local Rule 79–5(b):

> A sealing order may issue only upon a request that establishes that the document, or portions thereof is privileged or protectable as a trade secret or otherwise entitled to protection under the law, [hereinafter referred to as "sealable."] The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d).

The usual presumption of the public's right to access does not apply to non-dispositive motions with the same strength as it applies to dispositive motions. See In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig., 686 F.3d 1115, 1119 (9th Cir. 2012). When a request to seal is made in connection with a non-dispositive motion, the party moving to seal must establish

---

[1] Defendants do not seek the sealing of Exhibits 1 and 9.

only "good cause," as opposed to "compelling reasons," for sealing the record. Id.; see also Kamakana v. City and Cnty. of Honolulu, 447 F.3d 1172, 1180 (9th Cir. 2006). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning," are not sufficient under the "good cause" standard. Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992) (internal quotation marks and citation omitted). Although the Ninth Circuit has not addressed this issue, courts in this circuit routinely treat motions for class certification as non-dispositive in the context of motions to seal, unless the denial of a motion for class certification would effectively end the case. See, e.g., Lane v. Wells Fargo Bank, N.A., Case No. 12-cv-04026 WHA, 2013 WL 2627487 (N.D. Cal. June 11, 2013) (applying good cause standard to motion to seal filed in connection with motion for class certification).

## II. DISCUSSION

Because it is not clear that a denial of the pending motion for class certification would be dispositive of this action, the Court treats the motion for class certification as non-dispositive for the purpose of resolving the motion to seal at issue and applies the "good cause" standard to Defendants' sealing requests.

### 1. Exhibit 4

Exhibit 4 is comprised of JCPenney's specification sheets pertaining to two items of jewelry. Defendants argue that this Exhibit is sealable because the specification sheets contain "pricing and purchase information . . . relating to JCPenney's costs for purchasing items," and that its disclosure would affect its negotiations with vendors and would put Defendants at a competitive disadvantage. Keshavarzi Decl. ¶ 5. The Court concludes that this showing establishes good cause for sealing the specification sheets at issue. Accordingly, Defendants' motion to seal Exhibit 4 is GRANTED.

### 2. Exhibit 6

Exhibit 6 is comprised of excerpts from JCPenney's responses to Plaintiffs' requests for interrogatories. Defendants seek to seal only certain portions of Exhibit 6, namely those that identify the name of the database in which JCPenney stores information about the products that JCPenney offers for sale and about the individuals who have purchased such products.

Defendants state conclusorily without providing any explanation or citing to any authority that this information is sealable because its disclosure would "injure JCPenney's competitiveness in the marketplace" and would subject them to "undue burden or expense." Keshavarzi Decl. ¶ 6. The Court concludes that this showing fails to establish that the information at issue is sealable under the good cause standard, as the showing is "unsubstantiated by specific examples or articulated reasoning[.]" See Beckman, 966 F.2d at 476. Accordingly, Defendants' request to seal portions of Exhibit 6 is DENIED. Plaintiffs may file an un-redacted version of Exhibit 6 within seven days of the date this order is filed. See Civil L.R 79-5(f).

**IT IS SO ORDERED.**

Dated: October 7, 2013

_____
JON S. TIGAR
United States District Judge